IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

**Plaintiff,**

**v.**                                    **CRIMINAL NO.** 12-413 (FAB)

CARLOS I. ARCE-LOPEZ [13]
RAMON L. NUÑEZ-FREYTES [21]
ANNETTE CANCEL-LORENZANA [22],

**Defendants.**

**MEMORANDUM AND ORDER**

BESOSA, District Judge

On October 22, 2013, the Court granted defendants' motion for
misjoinder and severed count three of the superseding indictment
pursuant to Federal Rule of Criminal Procedure 8(b).
(Docket No. 935.)  On October 29, 2013, the Court asked the parties
to file briefs on the issue of consolidation of count three with
criminal case number 13-148, pending before Judge Dominguez.
(Docket No. 957.)  The parties have complied.  (See Docket
Nos. 968, 971, 972, 991, 995 and 996.)  Having considered the
parties' filings, the Court now **DENIES** defendants' motion to
consolidate count three with case number 13-148 (DRD).

Federal Rule of Criminal Procedure 13 allows a district court
to consolidate separate cases "if all offenses and all defendants
could have been joined in a single indictment or information."
Fed. R. Cr. P. 13.  Application of this rule requires reference to
Rule 8(b), which provides that two or more defendants may be

charged in the same indictment or information "if they are alleged
to have participated in the same act or transaction, or in the same
series of acts or transactions, constituting an offense or
offenses." Fed. R. Cr. P. 8(b); Daley v. United States, 231 F.2d
123, 125 (1st Cir. 1956). "All defendants need not be charged in
each count." Fed. R. Cr. P. 8(b). A series means more than mere
"similar" acts. King v. United States, 355 F.2d 700, 703 (1st Cir.
1966). To determine what constitutes "the same act or transaction"
or "same series of acts or transactions," courts must balance "the
benefit to the government of trying together multiple defendants
involved in related incidents against each defendant's right to
have his own guilt considered separately." United States v.
Arruda, 715 F.2d 671, 678 (1st Cir. 1983) (internal citation
omitted). To offset the prejudice inherent in the joinder of
offenses or defendants, the benefit of a joint trial "should
explicitly appear from the indictment or from other representations
by the government before trial." King, 355 F.2d at 704. That
benefit may include overlapping issues, such as when "some
defendants are charged with transporting stolen goods in interstate
commerce, and others are charged with receiving the goods." Id.
(internal citations omitted).

    Though this Court previously found that count three of the
superseding indictment was facially related to the drug trafficking
conspiracy charged in case number 13-148, rather than the drug

trafficking conspiracies charged in counts one and two in this case, the Court does not find consolidation appropriate.  This case is unusual in that the defendants, rather than the government, are moving for consolidation.  The government, therefore, ostensibly would not benefit from consolidation, and the only benefit to be considered is that of the Court, which would save time and resources conducting two trials rather than three.  This benefit, however, does not outweigh the risk of prejudice to the defendants posed by consolidation.  Count three alleges that between 1999 and 2013 defendants Cancel-Lorenzana, Nuñez-Freytes, and Arce-Lopez participated in a money laundering conspiracy involving proceeds related to drug trafficking from the Dominican Republic to Puerto Rico.  (Docket No. 518 at pp. 7-9.)  Count one in case number 13-148 charges four defendants, including Arce-Lopez, and Nuñez-Freytes, with participating in a drug trafficking conspiracy between 2008 and 2009 involving importation of narcotics from the Dominican Republic to Puerto Rico.  (Case 13-cr-148, Docket No. 8.) The discrepancies in the timelines and participants suggest that the two conspiracies were not so closely related as to constitute the same series of acts or transactions, and joinder of these two cases would accordingly not be appropriate pursuant to Rule 8(b).

Criminal No. 12-413 (FAB)                                                          4

For these reasons, defendants' motion to consolidate count three with case number 13-148 is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 3, 2013.

                                   <u>s/ Francisco A. Besosa</u>
                                   FRANCISCO A. BESOSA
                                   UNITED STATES DISTRICT JUDGE