IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

**Plaintiff**,

**v.**                              CRIMINAL NO. 12-413 (FAB)

CARLOS I. ARCE-LOPEZ [13]
ANNETTE CANCEL-LORENZANA [22],

**Defendants**.

MEMORANDUM AND ORDER

BESOSA, District Judge.

Before the Court are defendants Carlos Arce-Lopez's and
Annette Cancel-Lorenzana's motion to suppress (Docket No. 1033),
and the United States's response (Docket No. 1080).  For the
reasons stated below, the Court **DENIES** defendants' motion to
suppress.

I.   **Background**

On May 24, 2012, defendant Arce was indicted and charged in a
drug trafficking conspiracy that allegedly took place between 1999
and 2009.  (Docket No. 3.)  The indictment was filed sealed on
May 24, 2012.  One day before the indictment was unsealed and
defendant Arce was arrested, on June 5, 2012, the United States
applied for a search warrant, submitting an affidavit signed by
Drug Enforcement Administration ("DEA") Agent George I. Horton in
its support.  (Docket No. 1033-1.)  That same day, Magistrate Judge
Bruce McGiverin signed and issued the search warrant, which

identified for seizure a number of items inside the residence of defendants Arce and Cancel.[1]  <u>Id.</u>  The following day, the date defendant Arce was arrested, Agent Horton executed the search warrant and seized several items from defendants' residence, including:  (1) a handgun with ammunition; (2) $15,753.00 in cash; (3) eight suitcases; (4) miscellaneous documents related to defendants' business, Arce Hardware store; and (5) miscellaneous documents related to defendant Arce.  (Docket No. 1033-2.)  Both defendants were subsequently charged with conspiracy to commit money laundering in a superseding indictment filed on March 13, 2013.  (Docket No. 518.)

## II.  Discussion

Defendants move to suppress the fruits of the June 5, 2012 search warrant ("the warrant"), which they claim was invalid because it was (1) based on stale information, and (2) overly broad.  (Docket No. 1033.)  The United States contends that the warrant was valid as issued; assuming the warrant was invalid, however, the United States claims that the good faith exception to the exclusionary rule applies, and exclusion of the evidence is inappropriate.  (Docket No. 1080.)  The United States concedes that defendants, as owners and residents of the home that was searched, have standing to challenge the warrant.

---

[1] At the time the search warrant was issued, Cancel had not yet been indicted in this case.

### A.   Standard of Review for Search Warrants

The Fourth Amendment provides that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized." U.S. Const. amend IV.  The Bill of Rights requires that search warrants contain a "particular description" of things to be seized in order to prevent a "general, exploratory rummaging in a person's belongings." Coolidge v. New Hampshire, 403 U.S. 443, 467 (1971) (internal citations omitted). Probable cause to issue a search warrant exists when "given all the circumstances set forth in the affidavit . . . , there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 214 (1983) A reviewing court must "determine whether a 'substantial basis' existed for the magistrate's determination that probable cause existed." United States v. Keene, 341 F.3d 78, 81 (1st Cir. 2003) (citing Gates, 462 U.S. at 238).  In determining the sufficiency of an affidavit, the Court considers "whether the 'totality of circumstances' stated in the affidavit demonstrates probable cause to search the premises." United States v. Martin, 286 F. Supp. 2d 43, 45 (D. Mass. 2003) (quoting United States v. Barnard, 299 F.3d 90, 93 (1st Cir. 2002)).

An evidentiary hearing is not warranted by every motion to suppress.[2]  The test for granting an evidentiary hearing in a criminal case is whether the "movant makes a sufficient threshold showing that material facts are in doubt or dispute, and that such facts cannot reliably be resolved on a paper record." United States v. Staula, 80 F.3d 596, 603 (1st Cir. 1996) (internal citations omitted).  A district court "has considerable discretion in determining the need for, and the utility of, evidentiary hearings. . . ." United States v. Allen, 573 F.3d 42, 51 (1st Cir. 2009) (internal citation and quotations omitted).  An evidentiary hearing is not required where "accurate resolution of the factual issues would not [be] materially advanced by . . . an adversary hearing." In re Terrorist Bombings of U.S. Embassies in E. Africa, 552 F.3d 157, 165 (2d. Cir. 2008) (internal citations omitted). Here, the defendants did not request an evidentiary hearing, and their arguments hinge on a legal analysis of the validity of the warrant affidavit, and an objective assessment of the officer's conduct in executing the warrant.  No factual issues are in dispute, and no credibility determinations are necessary to decide the defendants' motion.  Rather, the parties merely disagree over the application of controlling law to the warrant affidavit.

---

[2] The defendants did not request an evidentiary hearing in their motion.

The search warrant was issued after the original indictment was filed sealed, and one day before it was unsealed and defendant Arce was arrested.  It was executed on the day defendant Arce was arrested.  Defendant Arce was charged, along with 19 other defendants, with one count of conspiracy to possess more than five (5) kilograms of cocaine in order to distribute it, and one count of possession of more than five (5) kilograms of cocaine with the intention of distributing it, and aiding and abetting others to do so.  Accordingly, the Court does not find that a hearing is required to resolve the motion to suppress.

**B.    The Warrant's Deficiencies:  Staleness and Overbreadth**

Defendants claim that the warrant was invalid because it was based on stale information and was overbroad in its scope.  The Court addresses each argument in turn.

**1.    Staleness**

A warrant must establish a "tri-cornered nexus between the criminal act, the evidence to be seized, and the place to be searched;" this nexus must also "incorporate a temporal dimension." United States v. Ricciardelli, 998 F.2d 8, 13 (1st Cir. 1993).  If a supporting affidavit does not contain timely information, it will fail. United States v. Schaefer, 87 F.3d 562, 568 (1st Cir. 1996).  Courts considering the timeliness of the information in a supporting affidavit consider such factors as the nature of the information, the nature of the supposed criminal

activity, the nature and characteristics of the place to be searched, and the nature of the items outlined in the warrant. Id.

The warrant affidavit's probable cause section states that a DEA investigation revealed,

> On at least 10 occasions through 2009, a DTO [drug-trafficking organization] member retrieved cocaine shipments from ARCE-LOPEZ' residence to be packaged and prepared for transport. It is estimated he supplied the DTO with at least 5,000 kilograms of cocaine to be transported to the Continental United States between 2004 and 2009. The investigation also revealed that ARCE-LOPEZ is listed, along with his wife, as the owner of at least four real estate properties in Puerto Rico.

(Docket No. 1033-1). The probable cause statement also mentions that the defendants purchased real estate in 2000 and 2004, and that defendant Arce did not file a Puerto Rico tax return for the years 2002 - 2004. Id. The warrant application sought a search warrant for one of the defendants' residential properties, and indicated reason to believe the defendants were the current owners and residents of that particular residence. Id.

Defendants fail to establish that the warrant affidavit contained impermissibly stale information. The information provided in support of probable cause was obtained

through an ongoing DEA investigation[3] of defendant Arce and pertains to a multi-year drug trafficking operation involving the transportation of thousands of kilograms of cocaine to the Continental United States aboard American Airlines commercial flights.  Drug trafficking is "apt to persist over relatively long periods of time," United States v. Nocella, 849 F.2d 33, 39-40 (1st Cir. 1988), and courts have upheld probable cause determinations in cases involving information that was weeks - to three-years-old, see, e.g., United States v. Morales-Aldahondo, 524 F.3d 115, 119 (1st Cir. 2008) (finding the passage of more than three years from the acquisition of the evidence until the warrant application did not render the application stale, given testimony regarding the enduring nature of the evidence seized); United States v. Greany, 929 F.2d 523, 525 (9th Cir. 1991) (finding that two-year-old information regarding marijuana growing equipment was not stale). Due to the ongoing nature of drug conspiracies, information and things that may be regarded in other contexts as stale is likely to be timely in a drug trafficking case.  See Schaefer, 87 F.3d at 568.  The Court agrees with an observation made by the Sixth

---

[3] The agent's affidavit states as follows:

> "2. The statements contained in this affidavit are based in part on information provided by confidential sources (CS), sources of information (SOI) , other Special Agents and Task Force Officers working on this investigation . . ."  As can be seen, the present tense is used in the affidavit, indicating that an investigation is still ongoing.

Circuit Court of Appeals that "financial documents, receipts, and business records . . . are generally kept for a number of years." United States v. Gardiner, 463 F.3d 445, 473 (6th Cir. 2006). Accordingly, it would not be unreasonable for investigating agents to believe that key evidence pertaining to the charged drug conspiracy would still be available at defendants' residence three years after the end date of the charged conspiracy.  The other items listed in the affidavit are also items which would likely be available years after the end date of the charged conspiracy including scales, containers, photographs, address and telephone books, electronic communication devices and computers, all items used by drug traffickers to further their criminal activities.  See id.

          The Court also factors the nature of the place to be searched into its staleness calculation.  See Schaefer, 87 F.3d at 568.  Here, the place searched was defendants' permanent residence, making it more likely that items would remain within the home over an extended period of time.  Id.  The affidavit provided contemporary information regarding defendant Arce's status as the owner and resident of the home to be searched.  It indicated that defendant Arce is listed as the owner of the residence and "had been observed [there] as recently as June 1, 2012," four (4) days before the date of the search warrant, and five (5) days before the indictment was unsealed and defendant Arce was arrested.

Criminal No. 12-413 (FAB)                                            9

Considering the totality of the nature and circumstances of the
alleged offense, the characteristics of the items to be seized, the
nature of the information, and the nature of the place to be
searched, the Court finds that the warrant contained sufficiently
timely information to satisfy the probable cause nexus between
criminal act, place, and time.  Accordingly, the Court finds that
the search warrant was valid.

> ### 2.   Overbreadth

> To be valid, warrants must contain a "particular
description" of things to be seized. Coolidge, 403 U.S. at 467.
Courts have found warrants to be invalid where they in no way limit
the officers' discretion over what to seize, the timing of records
sought, or the types of records or items sought. See, e.g., United
States v. Abrams, 615 F.2d 541, 543 (1st Cir. 1980); Application of
Lafayette Acad., Inc., 610 F.2d 1, 5 (1st Cir. 1979); Montilla
Records of P.R., Inc. v. Morales, 575 F.2d 324, 327 (1st Cir.
1978); United States v. Klein, 565 F.2d 183, 190 (1st Cir. 1977).

> The list of items to be seized in the warrant
application delineates twelve categories of items, ranging from
narcotics, paraphernalia used in the narcotics trade, firearms, and
financial records, to address books, travel receipts, cellphones,
pagers, two-way radios and suitcases.[4]  (Docket No. 1033-1.)  The

---

[4] The indictment charges that suitcases were packed with cocaine and
placed on American Airlines commercial flights for transport to the
continental United States.

Criminal No. 12-413 (FAB)                                                  10

warrant affidavit provided a detailed explanation of the relevance
of these items to the criminal activities alleged.  All of the
items were to be found within the residence searched.  While the
list of items to be seized was relatively broad, the Court finds
that the list's scope is consistent with the scope of the drug
conspiracy charged.  Thus, the Court finds that the warrant was not
unconstitutionally overbroad.  The magistrate judge had a
substantial basis for determining that probable cause existed to
issue the search warrant.

          Because the Court finds that the search warrant as
issued was valid, it does not address the applicability of the good
faith exception.

## III. Conclusion

     For the reasons stated above, the Court finds that the search
warrant as issued was valid.  Defendants' motion to suppress is
accordingly **DENIED.**

          **IT IS SO ORDERED.**

     San Juan, Puerto Rico, February 11, 2014.


                              s/ Francisco A. Besosa
                              FRANCISCO A. BESOSA
                              UNITED STATES DISTRICT JUDGE